# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:10CR259** |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **FRANCISCO HEREDIA-BARRAZA,** | ) | |
| Defendant. | ) | |

This matter is before the Court on the Findings and Recommendation (Filing No. 39) issued by Magistrate Judge F.A. Gossett recommending that the motion to suppress (Filing No. 19) filed by the Defendant, Francisco Heredia-Barraza, be denied. Heredia filed a statement of objections to the Findings and Recommendation (Filing No. 40) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a).

Heredia is charged in a multi-count Indictment with: conspiracy to distribute and possess with intent to distribute a mixture or substance containing methamphetamine (Count I); distribution and possession with intent to distribute methamphetamine (Count VI); and illegal reentry (Count VII). Also charged in the Indictment is Gabriel Sauceda. Heredia seeks the suppression of the following: inculpatory evidence and fruits of the stop of a Volkswagen Jetta in which he was a passenger on June 15, 2010; inculpatory evidence obtained as a result of his arrest and searches of his person and a Pontiac on June 17, 2010; and a statement he made to law enforcement on June 17, 2010.

Following an evidentiary hearing, Judge Gossett issued written findings of fact and conclusions of law. Judge Gossett concluded: officers lacked both probable cause and reasonable suspicion to stop the Jetta on June 15, 2010; officers had probable cause to arrest Heredia on June 17, 2010; Heredia's statements to law enforcement were voluntary;

routine biographical information is not subject to the protections of *Miranda v. Arizona,* 384 U.S. 436 (1966); and the evidence obtained on June 17, 2010, was obtained independently and not as a result of the June 15, 2010, traffic stop. Judge Gossett therefore recommends that the motion to suppress be granted as to evidence obtained on June 15, 2010, and otherwise denied.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

Judge Gossett provided a detailed account of the events surrounding the encounters on June 15 and 17, 2010. The Court has considered the transcript of the hearing conducted by Judge Gossett. The Court also carefully viewed the evidence. The Defendant objects to several factual findings, and those objections are discussed below.

Based on the Court's de novo review of the evidence and arguments, the Court amends Judge Gossett's factual findings as stated in subsection VI below and otherwise adopts them.

## ANALYSIS

The Defendant objects to numerous factual findings and legal conclusions. The objections are discussed below.

**I.** Heredia objects to Judge Gossett's finding that Saucedo told officers two of four ounces delivered on June 17, 2010, came from Jose Maza-Heredia (Filing No. 39, at 5). Heredia argues that Sauceda only identified his source as "Guerro" and did not physically identify "Guerro" until after the arrest of the Pontiac's occupants.

In making this finding, Judge Gossett cites to the testimony of Special Agent Slosson, who stated: "two of the ounces [Sauceda] said came from an individual identified as, I think it's Jose Maza-Heredia." (Filing No. 32, 27:16-17.) Slosson later testified that after the arrest "Sauceda was communicating with Mr. Meza, and he identified him as Guerro." (Id., 35:7-8.)

The record does not support Heredia's version of the facts and is precisely opposite to Heredia's version of the facts. The objection is denied.

**II.** Heredia objects to Judge Gossett's finding that "Sauceda made a call and set up a buy at the Bag'N'Save parking lot at 108th and Maple (Filing No. 39, at 5). Heredia argues that Agent Slosson only overheard Sauceda's side of the telephone conversation held in Spanish, and he was relying on Sauceda's version of the conversation reported to him in English. Heredia notes that Slosson testified that a Spanish speaking officer was there during the conversation, but argues that no testimony was heard from the Spanish-speaking officer or Heredia to determine the precise content of the calls. Heredia also objects, stating that the citation provided by Judge Gossett does not show Sauceda called to set up a "buy."

With respect to the phone call, Agent Slosson testified:

> I was telling [Sauceda] what to say. The Spanish [-speaking] officer was aware of what I was communicating to him, and she never indicated to

3

> me that he said anything other than that. And what I directed him to say, it appears that Mr. Maza and Mr. Heredia did exactly what I was directing him to tell them to do.

(Filing No. 32, 33:16-20.)

Given the entirety of Agent Slosson's testimony, summarized in the above-quoted paragraph, the testimony does not support Heredia's argument. Heredia had the opportunity to call the Spanish-speaking agent or to testify himself as to the telephone conversation, but he did not exercise that opportunity. Regarding Heredia's objection to the citation in Judge Gossett's Findings and Recommendation not reflecting a "buy" (29:2-5), clearly in the context of the colloquy a "buy" was being arranged. Only a few lines earlier there was testimony regarding Sauceda's ability to "get an additional two ounces," and then those arrangements were discussed. (*See, e.g.,* Filing No. 32, 28:13-25.) The objections are denied.

**III.** Heredia objects to numerous facts relating to events that occurred at the Bag'N'Save parking lot at 108th and Maple Streets. Judge Gossett stated that when Sauceda was transported by law enforcement to the parking lot two females exited the Pontiac and approached Sauceda's truck. Heredia objects, arguing that the testimony was as follows: upon Sauceda's arrival, two males and two females were standing by the front entrance to the grocery store; Sauceda told them to meet him at his truck; and the four got into a Pontiac and went to the area near Sauceda's truck where they were stopped and arrested. (Filing No. 29, 13-24.) Heredia objects that Judge Gossett found the Pontiac had three, not four, occupants. Finally, Heredia objects that Judge Gossett failed to find that Slosson testified Sauceda had previously told Maza that his truck had engine problems

4

and, had he done so, an innocent reason would have been provided for Heredia's presence in the parking lot.

Whether the Pontiac had four versus three occupants is immaterial and, in any event, Judge Gossett did not find the Pontiac only had three occupants. Judge Gossett referred to the two females and specifically to Heredia as the driver, but he did not specifically state that only three persons were in the Pontiac. Whether the four were initially in the vehicle or standing and talking and then entered the vehicle is likewise immaterial. Heredia has not shown the significance of his arguments. Contrary to Heredia's assertion, the record does not appear to indicate that the four were lured to the parking lot at 108th and Maple by Sauceda's plea for help due to engine problems. Slosson's testimony indicates that the "buy" of the additional two ounces was the sole reason for the meeting in the parking lot. (Filing No. 32, 28:18-29:8.) Slosson's testimony reflects that Sauceda said he was having engine problems and the four needed to come to his truck was once everyone was in the parking lot. (Filing No. 32, 29:9-19; 34:14-16.) The objections are denied.

**IV.** Heredia objects to Judge Gossett's finding that Sauceda set up a "buy" (Filing No. 39, at 10). The objection is denied for the reason stated in subsection II above.

**V.** Heredia objects to Judge Gossett's finding that Heredia appeared at "the appointed time" (Filing No. 39, at 10) and argues the finding affects the "totality of the circumstances assessment" of probable cause. The Court does not find the phrase inaccurate given the entirety of the testimony and, in any event, concludes that it does not affect the probable cause analysis. The objection is denied.

**VI.** Heredia objects to the finding that he was arrested "after two females exited the Pontiac and approached Sauceda's truck" (Filing No. 39, at 10). The objection is granted. However, Heredia points to no significance for his objection, and the Court sees none.

**VII.** Heredia objects to Judge Gossett's application of the law regarding warrantless arrests, without providing any legal support. Heredia argues that none of the information received from Sauceda upon his arrest should be considered as trustworthy because Sauceda was merely an arrestee unknown to law enforcement, and officers did not take time to corroborate the information he gave them.

Probable cause for a "'warrantless arrest exists when, considering all the circumstances, police have trustworthy information that would lead a prudent person to believe that the suspect has committed or is committing a crime.'" *United States v. Webster,* 625 F.3d 439, 442 (8th Cir. 2010 (quoting *United States v. Parish,* 606 F.3d 480, 486 (8th Cir.), *cert. denied,* 131 S. Ct. 580 (2010)). In determining probable cause, "'[l]aw enforcement officers have substantial latitude in interpreting and drawing inferences from factual circumstances.'" *Id.* (quoting *United States v. Henderson,* 613 F.3d 1177, 1181 (8th Cir.2010), *petition for cert. filed,* __ U.S.L.W. __ Jan. 10, 2011) (No. 10-918). Probable cause "'requires only a probability or substantial chance of criminal activity, rather than an actual showing of criminal activity,'" and therefore law enforcement "'need not have amassed enough evidence to justify a conviction prior to making a warrantless arrest.'" *Id.* (quoting *United States v. Mendoza,* 421 F.3d 663, 667 (8th Cir. 2005).

On June 15, 2010, an undercover officer made a controlled buy from Sauceda. During that buy, the officer made arrangements for another buy from Sauceda. The second buy took place a short time later. The investigation then continued on June 17, 2010, with two more methamphetamine transactions and the purchase of a firearm. After the second transaction, the arrests occurred in the parking lot. Each time an undercover buy was arranged, Sauceda came through. The evidence shows his supplier was Heredia. Law enforcement officers' continued work that yielded results provided sufficient corroboration for Saucedo's information. It has been held that an informant's prior controlled buys provide sufficient probable cause. *Id.* at 443-44.

Because the Court concludes that officers had probable cause to arrest Heredia without a warrant, Heredia's remaning arguments relating to the searches of his person and car incident to his arrest, and the applicability of the automobile exception, need not be addressed.

**VIII.** Heredia objects to what defense counsel considers to be Judge Gossett's conclusion that the two ounces of methamphetamine found in the Pontiac after the arrests helped provide probable cause for his arrest (Filing No. 39, at 6).

Judge Gossett did not include the two ounces inside the car as part of the probable cause analysis for Heredia's arrest. Clearly, Judge Gossett was discussing the drugs found in the car in conjunction with his analysis of the automobile exception to the warrant requirement. (Filing No. 39, at 11-12.) The objection is denied.

**IX.** Heredia objects to Judge Gossett's failure to find that Officer Edith Andersen testified that Heredia's brother gave a statement indicating that he alone was responsible and Heredia was not aware of his drug trafficking.

Heredia does not argue the significance of the absence of this finding. The brother's statement was made after the arrests and appears to have no relevance to the suppression issues. The objection is denied.

## CONCLUSION

For the reasons discussed,

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation (Filing No. 39) is amended as discussed in subsection VI above, and otherwise adopted;

2. The Defendant's objections to the Findings and Recommendation (Filing No. 40) are granted as to subsection VI above, and otherwise are overruled; and

3. The Defendant's motion to suppress (Filing No. 19) is granted as to evidence obtained during the June 15, 2010, traffic stop of the Volkswagen Jetta, and otherwise the motion is denied.

DATED this 20th day of January, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge